## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No.CR 05-1478 JB

ARTURO PEREZ-ALCATAN
a/k/a Arturo Castillo-Perez,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Arturo Castillo-Perez' Sentencing Memorandum and Request for Reasonable Sentence, filed October 25, 2005 (Doc. 18). The Court held a sentencing hearing on this memorandum on November 9, 2005. The primary issue is whether the Court should deviate from the United States Sentencing Guidelines ("Guidelines"), and sentence Castillo-Perez outside of the recommended Guideline range. Consistent with the Court's ruling at the sentencing hearing on this memorandum, and for the reasons given at the time of the sentencing hearing, the Court will deny Castillo-Perez' request that the Court deviate from the Guidelines, and the Court will sentence Castillo-Perez to a reasonable sentence within the Guidelines.

## PROCEDURAL BACKGROUND

Castillo-Perez has a criminal history category of I and the offense level of the crime is 21, resulting in a Guideline imprisonment range of 46-57 months. Castillo-Perez requests that the Court give him a reasonable sentence by deviating from the Guidelines. See Sentencing Memorandum and Request for Reasonable Sentence at 1.

## BOOKER AND 18 U.S.C. SECTION 3553(a)

In United States v. Booker, 543 U. S. 220, 125 S. Ct. 738 (2005), the Supreme Court of the United States held that "the Sixth Amendment requires that 'any fact (other than a prior conviction) . . . necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" United States v. Wilson, 416 F.3d 1164, 1171 (10th Cir. 2005) (quoting United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005)). "[T]he Court [in Booker] severed the provision of the Sentencing Reform Act making application of the Guidelines mandatory." Id. at 1171 (citation omitted). The result is that the Guidelines remain in effect, but are advisory. See United States v. Booker, 543 U. S. 220, ____, 125 S. Ct. at 757, 765-67, 769. Booker directs a court to consider the factors laid out in § 3553(a), including the now-advisory guideline ranges, when determining the sentence. See id. at 757.

Consistent with the Court's ruling at the sentencing hearing on this memorandum, and for the reasons given at the time of the sentencing hearing, the Court will deny Castillo-Perez' request that the Court deviate from the Guidelines, and the Court will sentence Castillo-Perez to a reasonable sentence within the Guidelines.

**IT IS ORDERED** that the Defendant Arturo Castillo-Perez' Sentencing Memorandum and Request for Reasonable Sentence is denied. The Court will not deviate from the Guidelines, but will sentence Castillo-Perez to a reasonable sentence within the Guidelines.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Margaret Katze
  Assistant  Federal Public Defender
Albuquerque, New Mexico

     *Attorneys for the Defendant*